**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CARLOS HERRERA,

                     *Plaintiff,*

    -against-

BUFFET DE POINT, INC., and FENYI CHEN,

                     *Defendants.*

-------------------------------------------------------X

Civil Action No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

CARLOS HERRERA ("Plaintiff") by and through his attorney, Gennadiy Naydenskiy, Esq., upon his knowledge and belief, and as against BUFFET DE POINT, INC., and FENYI CHEN (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of BUFFET DE POINT, INC. at 20-07 127th St 4th floor, Queens, NY 11356 that was owned and operated by Defendant FENYI CHEN.

2. Defendants own, operate, and/or control an Asian Fusion restaurant located at 20-07 127th St 4th floor, Queens, NY 11356.

3. Plaintiff was employed as a dishwasher from approximately April 2021 until on or about March 9, 2022.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

1

5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiff now brings this action for untimely wage payments, unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. BUFFET DE POINT, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 20-07 127th St 4th floor, Queens, NY 11356.

10. Defendant FENYI CHEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant FENYI CHEN is sued individually in his capacity as an owner, officer and/or agent of Defendant BUFFET DE POINT, INC. ('Defendant Corporation').

11. Defendant FENYI CHEN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

12. Defendant FENYI CHEN determined the wages and compensation of the Plaintiff.

13. Defendant FENYI CHEN had the power to hire and fire Plaintiff and other employees of the Defendants.

14. Defendant FENYI CHEN set Plaintiff's schedules.

15. Defendants are associated and joint employers, act in the interest of each other with respect to the Asian Fusion restaurant located at 20-07 127th St 4th floor, Queens, NY 11356.

16. Defendants possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

17. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

18. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

19. Upon information and belief, in each year from 2021 to 2022, Defendant, had a gross annual volume of revenue of not less than $500,000.

## PLAINTIFF CARLOS HERRERA

20. Throughout his employment with defendants, Plaintiff HERRERA was employed as a dishwasher in the Asian Fusion restaurant located at 20-07 127th St 4th floor, Queens, NY 11356.

21. Plaintiff HERRERA's work was supervised and his duties required neither discretion nor independent judgment.

22. Plaintiff HERRERA regularly worked in excess of 40 hours per week.

23. From approximately April 2021 until March 9, 2022, Plaintiff HERRERA worked a total of five (5) days a week, Plaintiff HERRERA worked (2) days a week from 10:30 AM until 9:30 P.M. and three (3) days a week from 8:30 A.M. until 9:30 P.M. but Plaintiff HERRERA was not allowed to punch in until 10:30 A.M. (at least 61 hours).

24. From approximately April 2021 until March 9, 2022, Defendants paid Plaintiff $150 per work day with no premium for overtime hours worked.

25. Throughout his employment, Plaintiff was paid in cash bi weekly.

26. No proper notification was given to Plaintiff HERRERA regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

27. Defendants never provided Plaintiff HERRERA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

28. Defendants failed to provided Plaintiff HERRERA all of the proper and complete notices in English and in Spanish (Plaintiff HERRERA's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## **FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

29. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

30. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

31. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

32. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

33. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

34. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

35. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

36. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

37. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

38. Defendant's failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

43. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

46. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

47. Defendant's failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

48. Plaintiff was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

51. Defendant's failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

52. Plaintiff was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE
### REQUIREMENT OF THE NEW YORK LABOR LAW

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

55. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

56. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

57. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

58. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### NEW YORK LABOR LAW - FAILURE TO PAY TIMELY WAGES

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff.

61. Defendant failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff being underpaid.

62. Due to to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any

9

improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(a)     Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiff;

(b)     Enjoining Defendants from future violations of the NYLL;

(c)     Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(d)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(f)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(g)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

10

(h) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(i) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: June 7, 2022

                                            NAYDENSKIY LAW FIRM, LLC

                                            */s/ Gennadiy Naydenskiy*
                                            Gennadiy Naydenskiy (GN5601)
                                            426 Main St, #201
                                            Spotswood, NJ, 08884
                                            718-808-2224
                                            *Attorney for Plaintiff*

# EXHIBIT A

Soy empleado actual o anterior de BUFFET DE POINT, INC., FENYI CHEN, y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

Fecha 04/11/2022 .

*Carlos Herrera Lopez*

Firma

Carlos Herrera lopez

Nombre completo (nombre en letra imprenta)